## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON

**DAVID EUGENE EAKLE,**

     **Plaintiff,**

**v.**                          **Case No. 2:12-cv-00590**

**MR. DAVID BALLARD and**
**MR. JIM RUBENSTEIN,**

     **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

On February 28, 2012, the plaintiff filed a Complaint (ECF No. 1) under 42 U.S.C. § 1983.  On March 8, 2012, the plaintiff filed an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 4.)  This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  This screening is done prior to consideration of the Application to Proceed without Prepayment of Fees and Costs.  A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory.  *Denton v. Hernandez*, 504 U.S. 25

(1992).  A "frivolous" claim lacks "an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case.  The Court wrote:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted).  Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.*, at 556.
> * * *
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.  Because, for the reasons stated below, it is "beyond doubt" that Plaintiff's Complaint fails to allege facts entitling him to relief, he should not be given an opportunity to offer evidence in support of his claim.  *See, Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).

> The plaintiff's Complaint alleges as follows [verbatim]:
>
> On the 21st Feb. 2012, I filed a grievance to the Warden Mr. David Ballard, concerning my release of discharge from here in (4) months and (13) days, which will be the 13th July, 2012, which in grievance I asked Mr. Ballard what steps he was taking to prepare to have me ready for my release back into society.  Sense they have me here on lock-up, and some kind of program.  That I am not entitled to no jobs to be able to save funds to have once I am release so I'm not committing another crime to have to survive when I release.  I'm entitled to no program to keep me from committing another crime once I'm release back into society and am no entitled to any educational program to help better myself once I'm released.  Which I stated in grievance that is the second time I've been released from here without the proper guidance that I'm supposed to receive.  So which as you can see that my grievance was denied by a Lt. Hill instead of the parties it was addressed too.

(ECF No. 1 at 4-5.)  The plaintiff requests [verbatim]:

> that the courts do something about this, not just to see that other inmate that are being released from these prison are not repeating their selfs by coming back because the state prison system refuses to prepare and give proper guidance was their released from prison and having to committ another crime to survive once released from here.  Because as of right now, within the next (4) months, I am being released from here for the second time with no funds and programs and no guidance, other than survive the best way you know how, which is probably going to end with myself committing other crime to survive because the prison system refuse to do what their suppose to do which ends up with 85% percent of inmates coming back with violent crime.  Thank you.

(*Id.* at 6.)

3

The plaintiff has basically alleged that he has suffered a lack of rehabilitation due to insufficient prison programs. In *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), the Supreme Court held that the Eighth Amendment to the Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" This is a low standard. The Supreme Court emphasized that "[p]rison conditions may be 'restrictive and even harsh.'" *Id.*, at 833.

Moreover, to sustain an Eighth Amendment claim, a prisoner must show two things: (1) "the deprivation must be, objectively, 'sufficiently serious;'" that is, "denial of 'the minimal civilized measure of life's necessities;'" and (2) the prison official had a "'sufficiently culpable state of mind;'" that is, "'deliberate indifference' to inmate health or safety." *Id.*, at 834. (Citations omitted.) The Supreme Court rejected an argument that an objective test of deliberate indifference be established.

> We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.*, at 837.

The holding in *Farmer v. Brennan* establishes that the plaintiff has failed to state a claim upon which relief can be granted. Plaintiff has failed to show "a serious deprivation of a basic human need [and] deliberate indifference to prison conditions on the part of prison officials." *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993). Furthermore, the plaintiff has failed to allege that he has suffered any serious or

4

significant injury resulting from the challenged conditions at the MOCC. *Strickler* requires a showing of significant injury. 989 F.2d at 1381.

Moreover, as a number of federal courts have found, there is no specific federally protected right to participate in rehabilitation, educational or vocational programs. *See, e.g., Johnson v. Galli*, 596 F. Supp. 135 (D. Nev. 1984), *Hayes v. Cuyler*, 475 F. Supp. 1347, 1350 (E.D. Pa. 1979), *Hluchan v. Fauver*, 480 F. Supp. 103, 107-108 (D. N.J. 1979), and *Cleggett v. Pate*, 229 F. Supp. 818, 819 (N.D. Ill. 1964).  The United States Court of Appeals for the Fourth Circuit similarly held in *Altizer v. Paderick*, 569 F.2d 812, 813 (4th Cir. 1978); *see also Jackson v. McLemore*, 523 F.2d 838, 839 (8th Cir. 1975) (federal courts do not intervene in the area of rehabilitation).

Accordingly, the court proposes that the District Court **FIND** that the plaintiff has failed to state any claim upon which relief can be granted.  Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the Complaint (ECF No. 1) under 28 U.S.C. § 1915A(b)(1), and **DENY** Plaintiff's Application to Proceed without Prepayment of Fees and Costs (ECF No. 4).

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such

objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

March 13, 2012

Mary E. Stanley
United States Magistrate Judge